# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| In Re: | |
|     BARBARA FISHER | Chapter 13 |
|         Debtor(s) | |
|     U.S. BANK TRUST NATIONAL | Case Number: 21-13261-mdc |
|     ASSOCIATION, NOT IN ITS | |
|     INDIVIDUAL CAPACITY, BUT SOLELY | |
|     AS TRUSTEE OF LSF9 MASTER | |
|     PARTICIPATION TRUST | |
|         Movant | |
|     v. | |
|     BARBARA FISHER | |
|         Debtor(s) | |
|     KENNETH E. WEST | |
|         Trustee | |
|         Respondent(s) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY WITH RESPECT TO PROPERTY: 2829 COLMAR AVE, BENSALEM, PA 19020

U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust, through its Counsel, Stern & Eisenberg PC, respectfully requests the Court grant its Motion for Relief and in support thereof respectfully represents as follows:

1. Movant is U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust (hereafter referred to as "Movant").

2. Debtor(s), Barbara Fisher (hereinafter, "Debtor(s)"), is/are, upon information and belief, adult individual(s) whose last-known address is 2829 Colmar Ave, Bensalem, PA 19020.

3. On January 31, 2008, Dean J. Fisher, executed and delivered a Note in the principal sum of $193,000.00 to GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation. A copy of the Note is attached as Exhibit "A" and is hereby incorporated by reference.

4. As security for the repayment of the Note, Dean J. Fisher and Barbara A. Fisher and Franklin P. Fisher, Jr., executed and delivered a Mortgage to Mortgage Electronic Registration Systems, Inc. as nominee for GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation. The Mortgage was duly recorded in the Office of the Recorder of Deeds in and for Bucks County on March 27, 2008 in Book 5741, Page 1297. A copy of the Mortgage is attached as Exhibit "B" and is hereby incorporated by reference.

5. The Mortgage encumbers Debtor's real property located at 2829 Colmar Ave, Bensalem, PA 19020.

6. By assignment of mortgage, the loan was ultimately assigned to U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust. True and correct copies of the of the assignments of mortgage are collectively attached as Exhibit "C" and is hereby incorporated by reference.

7. Debtor(s) filed the instant Chapter 13 Bankruptcy on December 9, 2021, and as a result, any state court proceedings were stayed.

8. It is believed and therefore averred that Debtor(s) filed the instant bankruptcy as an additional delay in order to prevent Movant from proceeding with the state court proceedings or otherwise institute proceedings as allowed under the Mortgage.

9. Debtor's mortgage loan is in default and is currently due for the May 1, 2022, payment and each subsequent payment through the date of the motion. Debtor(s) has/have failed to make the following post-petition payments to Movant:

### POST-PETITION PAYMENTS IN DEFAULT

| | |
|---|---|
| Monthly Payments in Default...................... | 05/01/2022 to 07/01/2022 |
| Monthly payments ($1,390.09 x 3) | $4,170.27 |
| Suspense Balance:...................... | ($1,306.12) |
| Total Amounts Due as of July 19, 2022: | $2,864.15 |

10. In addition, Movant has incurred counsel fees and costs in association with Debtor's default and this motion.

11. As a result of the Debtor's default and failure to make payments or to otherwise adequately provide for Movant in the bankruptcy filing, Movant is not adequately protected and is entitled to relief.

12. Further, the Debtor's Schedule D indicates a valuation of the property in the amount of $275,000.00, with Movant's first lien against the property in the amount of $290,968.38. Accordingly, there is no equity in the Property and the property is not necessary for an effective reorganization. A copy of the Debtor's Schedule D is attached as Exhibit "D" and incorporated herein by reference.

13. To the extent the Court does not find that relief is appropriate, then Movant requests that the stay be conditioned such that in the event the Debtor(s) fall(s) behind on post-petition payments or trustee payments that Movant may receive relief upon default by the Debtor(s) of the terms of the conditional order.

14. Movant requests that the stay of Bankruptcy Rule 4001(a)(3) be waived.

WHEREFORE, Movant, U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust, respectfully requests this Court to grant the appropriate relief under 11 U.S.C. §362 from the automatic stay as set forth in the proposed order together with waiver of Bankruptcy Rule 4001(a)(3).

Respectfully Submitted:

Stern & Eisenberg, PC

By: /s/ Daniel P. Jones
Daniel P. Jones
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
Phone: (215) 572-8111
Fax: (215) 572-5025
Bar Number: 321876
Email: djones@sterneisenberg.com

Date: July 28, 2022